MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By: SERRIN TURNER
Assistant United States Attorney
86 Chambers Street
New York, New York 10007
Telephone: (212) 637-2701
Fax: (212) 637-2686

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | |
|---|---|
| JULIAN PENA, A#97-506-747, | |
| Plaintiff, | **ANSWER** |
| v. | 07 Civ. 7730 (PKC) (MHD) |
| DEPARTMENT OF HOMELAND SECURITY, THE U.S. CITIZENSHIP AND IMMIGRATION SERVICES, and the FEDERAL BUREAU OF INVESTIGATION, | ELECTRONICALLY FILED |
| Defendants. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

Defendants, by their attorney, Michael J. Garcia, United States Attorney for the Southern District of New York, answer the complaint[1] on information and belief as follows:

---

[1] Although plaintiff styles her pleading not only as a complaint but also as a petition for mandamus, the pleading is properly considered simply a complaint. The Second Circuit recently held that "[t]he Federal Rules of Civil Procedure 'are applicable to proceedings for admission to citizenship . . . to the extent that the practice in such proceedings is not set forth in statutes of the United States . . . and has heretofore conformed to the practice in civil actions.'" *Chan v. Gantner*, 464 F.3d 289, 293 (2d Cir. 2006) (quoting Fed. R. Civ. P. 81(a)(2)). The Rules establish "one form of action to be known as [a] 'civil action,'" Fed. R. Civ. P. 2 (quotation marks in original), which, except in circumstances not pertinent here, "is commenced by filing a complaint," Fed. R. Civ. P. 3; *see also* Fed. R. Civ. P. 1 (Rules "govern procedure in the United States district courts in all suits of a civil nature"), and the writ of mandamus was abolished more than 70 years ago with the promulgation of the Rules, *see* Fed. R. Civ. P. 81(b) ("The writs of *scire facias* and *mandamus* are abolished."); *see also In re Nagy*, 89 F.3d 115, 116 (2d Cir. 1996) (same); *Espin v. Gantner*, 381 F. Supp. 2d 261, 263-64 (S.D.N.Y. 2005) (same); *Cordoba v. McElroy*, 78 F. Supp. 2d 240, 242 (S.D.N.Y. 2000) (same).

The two unnumbered paragraphs of the first page (beginning with "To the Honorable Judges") sets forth plaintiff's characterization of this action, to which no response is required.

The remaining, numbered paragraphs of the complaint are answered as follows:

1.      This paragraph constitutes plaintiff's characterization of a statutory provision, to which no response is required.  Defendants respectfully refer the Court to the cited provision for an accurate recitation of its contents.

2.      This first sentence constitutes plaintiff's characterization of a statutory provision, to which no response is required.  Defendants respectfully refer the Court to the cited provision for an accurate recitation of its contents.  The second sentence states a legal conclusion, to which no response is required.

3.      This paragraph constitutes plaintiff's characterization of a statutory provision, to which no response is required.  Defendants respectfully refer the Court to the cited provision for an accurate recitation of its contents.

4.      This paragraph constitutes plaintiff's characterization of a statutory provision, to which no response is required.  Defendants respectfully refer the Court to the cited provision for an accurate recitation of its contents.

5.      This paragraph constitutes plaintiff's characterization of statutory authorities, to which no response is required.  Defendants respectfully refer the Court to the cited authorities for an accurate recitation of their contents.

6.      This paragraph states a legal conclusion, to which no response is required.

7. Deny except to admit that on or about August 16, 2003, plaintiff applied for permanent residence by filing the application attached to plaintiff's complaint as Exhibit A.

8. Admit.

9. Admit the first four sentences. As to the fifth sentence, deny except to admit that Congressman Rangel's office was advised that the background checks were still outstanding. Deny the last sentence.

10. Deny except to admit that the U.S. Citizenship and Immigration Services ("USCIS") may require additional time to adjudicate plaintiff's application.

11. Deny except to admit that plaintiff has made inquiries and sought assistance from Congressman Rangel regarding his application and that his application remains pending.

12. The first sentence states a legal conclusion, to which no response is required. Deny the second sentence, except to admit that plaintiff's application remains pending.

13. Deny the first sentence, except to admit that plaintiff's application has not yet been adjudicated by USCIS. The remaining sentences state legal conclusions, to which no response is required.

14. The first two sentences state legal conclusions, to which no response is required. Admit the last sentence.

15. Deny knowledge or information as to whether plaintiff would be "seriously harm[ed]" by "[f]urther inaction." The remainder of the paragraph states legal conclusions, to which no response is required.

The remaining paragraph of the complaint constitutes plaintiff's prayer for relief, to which no response is required. To the extent a response is required, defendants deny plaintiff is entitled to the relief sought.

### FIRST DEFENSE

The complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

The Court lacks subject matter jurisdiction over this action.

### THIRD DEFENSE

Plaintiff has failed to exhaust his administrative remedies.

### FOURTH DEFENSE

Plaintiff has failed to show that he is owed any peremptory duty that defendants have refused to perform.

### FIFTH DEFENSE

Mandamus will not lie against defendants to control the exercise of their administrative judgment and discretion.

### SIXTH DEFENSE

Plaintiff's claims are unripe for review.

### EIGHTH DEFENSE

Plaintiff is not statutorily eligible for naturalization until CIS has completed its examination of plaintiff.

* * *

WHEREFORE the defendants pray that this Court enter judgment dismissing the action and award such other and further relief as the Court deems just and proper, including costs and disbursements.

Dated: New York, New York
       October 29, 2007

                                      Respectfully submitted,

                                      MICHAEL J. GARCIA
                                      United States Attorney for the
                                      Southern District of New York
                                      Attorney for Defendants

                                        /s/ Serrin Turner
                           By:   SERRIN TURNER
                                      Assistant United States Attorney
                                      86 Chambers Street
                                      New York, New York 10007
                                      Tel.: (212) 637-2701
                                      Fax:  (212) 637-2686